Anthony Urie
Law Office of Anthony Urie
7545 – 15th Avenue NW
Seattle, WA 98117
Phone: 206-784-6100
Fax: 206-784-6478
Attorney for Plaintiff

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FIRE ISLAND FISHERIES CORPORATION, a Washington Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>QUALITY MARINE OF ALASKA, an Alaskan Corporation; et.al,<br><br>Defendant, | NO. A04-0253CV (ℝℝℬ)<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, MOTION FOR FEES/SANCTIONS** |

COMES NOW plaintiff by and through it's counsel of record in REPLY to defendant's RESPONSE to plaintiff's motion for partial Summary Judgment. In its response defendant half-heartedly moved to strike plaintiff's expert's declaration; plaintiff responds to that motion herein.

## MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant does not oppose plaintiff's motion for summary judgment on liability; plaintiff is therefore entitled to entry of judgment on that issue.

## RESPONSE TO DEFENDANT'S MOTION TO STRIKE

Defendant moves to strike plaintiff's expert's declaration without citation to any legal authority, and without reference to any specific fact or applicable legal principle. Defendant only vaguely makes reference to several evidence rules in support of its motion – including FRE 802 (hearsay). Despite defendant's lackadaisical approach to its motion to strike, below plaintiff addresses each evidence rule mentioned by defendant as requiring this court to strike plaintiff's expert's declaration.

**FRE 402** - This rule mandates that evidence which is not relevant is inadmissible. Plaintiff's expert Kirk Greiner's declaration concerns <u>only</u> facts and circumstances relating to the work performed by Quality Marine and damage sustained to the F/V Starrigavin while in the possession and control of Quality Marine. In short, defendant has failed to identify a single phrase or sentence in the declaration which is not relevant to plaintiff's case against the defendant. Because defendant has failed to identify any portion of Plaintiff's expert Kirk Greiner's declaration that is irrelevant, defendant's motion to strike must be denied on that ground.

**FRE 403** - This rule mandates that testimony is inadmissible if it needlessly presents cumulative evidence. Plaintiffs have not offered the testimony of any other expert besides Plaintiff's expert Kirk Greiner. Defendant makes <u>no effort</u> to describe how the testimony of Kirk Greiner is cumulative. Because defendant has failed to identify any

portion of Plaintiff's expert Kirk Greiner's declaration that is cumulative, defendant's

motion to strike must be denied on that ground.

**FRE 602** - This rule mandates that a witness may not testify without having

established personal knowledge of that matter. Defendant's reference to this rule is

patently absurd. Plaintiff has properly designated Kirk Greiner as an expert witness.

Plaintiff's expert examined reports, depositions, work orders, and applicable law before

offering expert analysis. The basis of his expert opinion is set forth within his declaration

as are his experience and qualifications. Defendants should know that FRE 602 is subject

to FRE 703 and 705. For the edification of defendant's counsel and convenience of the

court plaintiff reproduces both rules in their entirety below:

Rule 705. Disclosure of Facts or Data Underlying Expert Opinion

The expert may testify in terms of opinion or inference and give reasons
therefor without first testifying to the underlying facts or data, unless the
court requires otherwise. The expert may in any event be required to
disclose the underlying facts or data on cross-examination.

703. Bases of Opinion Testimony by Experts

The facts or data in the particular case upon which an expert bases an
opinion or inference may be those perceived by or made known to the
expert at or before the hearing. If of a type reasonably relied upon by
experts in the particular field in forming opinions or inferences upon the
subject, the facts or data need not be admissible in evidence in order for
the opinion or inference to be admitted. Facts or data that are otherwise
inadmissible shall not be disclosed to the jury by the proponent of the
opinion or inference unless the court determines that their probative
value in assisting the jury to evaluate the expert's opinion substantially
outweighs their prejudicial effect.

Because defendant has failed to refer to the correct evidence rule governing expert

testimony defendant's motion to strike pursuant to FRE 602 must be denied on that

ground. However, even if defendant had cited the correct evidence rule its motion would

still need to be denied because defendant has offered no explanation of how plaintiff's expert's testimony is not in compliance with FRE 703 and 705.

**FRE 802** - Defendant's mention of this rule is nearly as absurd as its mention of FRE 602. Defendant makes no effort to identify any statement made by plaintiff's expert that falls under the hearsay rule. Defendant's motion must therefore be denied on this ground.

Defendant has offered no support for its motion to strike. The motion is without any basis in fact or law; it is therefore frivolous and must be denied.

### MOTION FOR FEES

Plaintiff now asks this Court for an award of fees and costs on two grounds. First, plaintiff asks this Court for an award of fees and costs attributable to plaintiff's reply and response to defendant's motion to strike.

In addition, plaintiff asks This Court for an award of fees and/or sanctions against defendant for discovery violations. Specifically, defendant has denied any responsibility for the fire throughout discovery; it has steadfastly failed to supplement discovery answers. wherein defendant denied it was in control of the vessel at the time of the fire (Request for Admission #1), denied any responsibility for the fire (Request for Admission #6), denied the welders were working under the authority of Quality Marine (Request for Admission #4), denied that the welding caused the fire (Request for Admission #3), denied there was no fire-watch at the time of the fire(Request for Admission #5). As a result of defendant's ongoing denial of the above plaintiff has incurred significant costs to the end of proving liability. See *attached declaration of costs and fees, Exhibit 2.*

**1) Fees on Reply.** By filing a motion to strike defendant ensured that plaintiff would have to diligently research its motion and respond – even though defendant's counsel apparently spent no time researching the motion before filing. In doing so defendant's counsel cited inapplicable statutes and offered no explanation or argument as to why its motion should be granted. One would be hard-pressed to find a poorer example of due diligence, yet plaintiff was forced to properly answer the motion – frivolous as it is. Because defendant's motion is without any basis in fact or law and because plaintiff nevertheless was forced to answer the motion plaintiff moves for fees and costs associated with its response to plaintiff's motion. According to the attached declaration of plaintiff's attorneys the total time spent responding to defendant's motion is 32 attorney hours. The billable rate is $285 per hour. The total attorney fees for reply and responding to defendant's motion are $9,120.

Defendant's motion to strike doesn't pass muster. There is no discussion of the law or legal principles. There is no reference to a single fact or statement. In deciding plaintiff's motion for fees this Court has an opportunity to reiterate that there is a minimum standard for motions practice before the court – that standard is set forth, at least in part, in Civil Rule 11.

**2) Fees for Discovery Violations/Bad faith**

Defendant had, until plaintiff filed for partial summary judgment, steadfastly denied it was in control of the vessel at the time of the fire (Request for Admission #1), denied any responsibility for the fire (Request for Admission #6), denied the welders were working under the authority of Quality Marine (Request for Admission #4), denied that the welding caused the fire (Request for Admission #3), denied there was no fire-

watch at the time of the fire (Request for Admission #5). Defendant now admits each of the previous. *Requests for Admission and Answer , Exhibits 1 and 1(a).*

As a result of defendant's ongoing denial of the above plaintiff has incurred significant costs to the end of proving liability.  The denial occurred on March 9, 2005, and.during the past ten months plaintiff has conducted depositions, research, and analysis - all to the end of proving liability. Plaintiff also hired an expert witness to review documents, reports, records, and statutes relevant to liability. *See Exhibit 2, Declaration of Costs and Fees.* (Plaintiff's Counsel, in preparing the attached Declaration of Costs and Fees, has diligently limited the declaration to only those costs and fees directly attributable to proving liability for the fire).

Plaintiff's demand for fees and costs associated with proving liability is required by FRCP 37, FRCP 26, and FCRP 11. FRCP 26(e) <u>requires</u> supplementation of disclosures, and FCRP 26(g), FRCP 37, and FRCP 11 <u>mandate</u> sanctions and fees – those rules are reproduced and attached as *Exhibit 3* for convenience.

The decision to impose sanctions under *FRCP 11, 26, and 37* is left to the court's discretion. *National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 49 L. Ed. 2d 747, 96 S. Ct. 2778 (1976); Forro Precision, Inc. v. IBM, 673 F.2d 1045, 1053 (9th Cir 1982).* Exercise of that discretion has been "encouraged" when "counsel or a party has acted willfully or in bad faith in failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules and orders." *G-K Properties, 577 F.2d at 647.* As explained by the Ninth Circuit: "Litigants who are willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents. It is even more important to note, in

this era of crowded dockets, that they also deprive other litigants of an opportunity to use the courts as a serious dispute-settlement mechanism." *Id.*

This court may impose even the "most severe" sanction to fulfill the purpose "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League, supra, 427 U.S. at 643* (affirming extreme sanction of dismissal for violation of *FRCP 37*). In fixing the amount of the sanction, the court should consider a party's entire course of conduct during the proceedings. *Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc., 67 F.3d 766, 772 (9th Cir 1995); Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1381 (9th Cir 1988).*

This court should not take lightly the imposition of monetary sanctions. This court have rarely resorted. However, each of the pertinent subsections of *FRCP 37* explicitly state that the court "**shall**" require the offender to pay the reasonable expenses, including attorney's fees, incurred by the other side as a result of the offense unless the conduct was "substantially justified" or that "other circumstances make an award of expenses unjust." *FRCP 37(a)(4)(A)*, (b)(2), and (d). Defendants have not attempted to show that the violations were substantially justified, and have proffered no other circumstances to make an award of expenses unjust.

This Court possesses an inherent power to levy sanctions where litigants or their counsel have abused the litigation process, and no violation of a court order is required. *Broadway Express, Inc. v. Piper,* U.S., 100 S.Ct. 2455, 2463 (1980)*; Link v. Wabash Railroad Co.,* 370 U.S. 626, 629-630 (1962). The courts' inherent powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own

affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc., 501 U.S. 32, 43, 115 L. Ed. 2d 27, 111 S. Ct. 2123 (1991)*; *Roadway Express, Inc. v. Piper, 447 U.S. 752, 764-66, 65 L. Ed. 2d 488, 100 S. Ct. 2455 (1980)*.

## CONCLUSION/RELIEF REQUESTED

According to plaintiff's calculations, the total fees directly attributable to establishing liability is $38,318.25 – $9,120 of that amount is attributable to plaintiff's reply and response to defendant's motion. See attached *Declaration of fees* (*Exhibit 2*), *Declaration of Costs* (*Exhibit 4*).

Dated this 27TH day of December, 2005.

ANTHONY M. URIE

Anthony M. Urie, WSBA No. 11711
Attorney for Plaintiff

JOSEPH WILLIAMS

Joseph Williams, WSBA 34236
Attorney for Plaintiff

8